1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EARNEST S. HARRIS,

11              Petitioner,              No. CIV S-04-1906 FCD KJM P

12        vs.

13   BILL LOCKYER,

14              Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16           Petitioner is a state prison inmate proceeding pro se with a petition for a writ of

17   habeas corpus under 28 U.S.C. § 2254.  He challenges a 2003 Sacramento Superior Court

18   resentencing on the ground that the superior court relied on incorrect information about his prior

19   record in fashioning the new sentence.  Respondent argues that this court cannot reach the merits

20   of the claim because of petitioner's procedural default and because he has not raised a federal

21   constitutional claim.

22   I.  Background

23           On April 5, 1995, petitioner entered pleas of guilty to a combination of charges

24   from two different cases, numbers 95F01835 and 94F10390, with the understanding that two

25   counts from 95F10390 would be dismissed and he would be sentenced that day to a total term of

26   fifteen years.  The guilty pleas were to the following charges: forcible rape, in violation of Cal.

                                          1

1  Pen. Code § 261(a)(2);[1] assault on a peace officer, in violation of § 245(c), and two counts of

2  battery on a peace officer, in violation of § 243(c).  He also admitted that, in connection with the

3  assault charge, he inflicted great bodily injury within the meaning of § 12022.7.  Finally, he

4  admitted a prior conviction, which gives rise to the subject of this petition.  The prosecutor

5  described the factual basis for this admission:

6         The defendant also suffered a prior conviction on the 9th day of
       December, 1992, in the Superior Court,. . . County of Alameda.
7         . . .That conviction was for Penal Code section 220.  [This] . . .
       conviction, Penal Code Section 220, is also a serious felony within
8         the meaning of 667(a).

9  Lodged Document (Doc.) 3, Ex. B & Ex. C at 4-7.

10         In fashioning the fifteen year sentence, the court used the prior conviction as a

11  "strike" under California's Three Strikes law to double sentence for the assault on a peace

12  officer, but declined to impose a five year term based on this conviction's status as a prior serious

13  felony.  Id., Ex. C at 12-13.

14         Petitioner filed a habeas petition in Sacramento County Superior Court in early

15  2003, attacking the sentence on the ground that his prior conviction for a violation of § 220 was

16  not based on an assault with the intent to commit rape, but rather on an assault with the intent to

17  commit oral copulation, which was neither a serious felony prior nor a strike in 1995 when he

18  entered his plea.[2]

19         The Superior Court denied the petition on several grounds:

20         The petition is untimely.  An untimely state habeas petition is an
       abuse of the writ of habeas corpus, and if unjustified, is barred
21         from habeas corpus review unless (1) it alleges facts which, if
       proven, would establish that a fundamental miscarriage of justice
22         occurred as a result of the proceedings leading to conviction, or
       (2) the petitioner is presenting newly discovered claims after
23         demonstrating due diligence.  (In re Clark (1993) 5 Cal. 4th 750,

24
       [1]  All further statutory references are to the California Penal Code.
25
       [2]  He raised a number of other grounds as well, but these are not part of the instant
26  petition.

2

774-775). . . . .[I]f the sentence is unlawful, the court may correct it at any time, regardless of <u>Clark</u> . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Petitioner next claims that his "strike prior" and Penal Code § 667(a) enhancement are unlawful because both are based on a prior conviction under Penal Code § 220 that was not in fact based on assault with intent to commit rape, as charged in the information and as admitted by him at the change of plea hearing. Rather, petitioner claims that the prior conviction . . . was actually for assault with intent to commit oral copulation. Arguably, this would render the "strike prior" unlawful, as assault with intent to commit oral copulation was not specifically listed as either a "serious" or "violent" felony as of June 30, 1993 (<u>see</u> Penal Code §§ 667(h), 667.5(c) (1994 Stats., ch. 1188), 1192.7 (c) (27 (1989 Stats., ch. 1044); Proposition 184, § 2). It also would render the Penal Code § 667(a) enhancement (which was not actually imposed, as discussed further below, but is being imposed in this order) unlawful because the crime was not listed as a "serious" felony in 1995, the time of the current crime, either. (<u>see</u> Penal Code § 1192.7(c) (1993 Stats., ch. 611)). On the other hand, it is arguable that assault with intent to commit oral copulation is equivalent to an aggravated form of attempted oral copulation . . . and because any attempt at a listed "serious" felony, as of June 30, 1993 for "strike" purposes and as of 1995 for Penal Code § 667 (a) purposes, is also a "serious felony" under that statute (<u>see</u> Penal Code § 1192.7 (c)( 27) (1989 Stats., ch. 1044 (for "strike" purposes); 1993 Stats., ch. 611 (for Penal Code § 667(a) purposes)), and forcible oral copulation was listed in then-existing Penal Code §1192.7 (c)(5) (1989 Stats., ch. 1044 (for "strike" purposes); 1993 Stats., ch. 611 (for Penal Code § 667 (a) purposes)), the assault conviction was actually for an attempted forcible oral copulation so as to qualify as a "serious" felony under then-existing Penal Code § 1192.7 (c)(27) .

This court, however, need not resolve this question, because petitioner has failed to attach any reasonably available documentary evidence that the Alameda County prior conviction was actually for assault with intent to commit oral copulation, rather than assault with intent to commit rape. As such the claim fails. . . .

Doc. 1 at 1-3. The Superior Court then considered petitioner's other challenges to the way his sentence was structured and particularly to the use of the alleged strike and serious felony prior conviction. It ultimately concluded that his challenges to the use of the strike prior were

1 unavailing and determined that, in failing to add an additional five years for the serious felony

2 prior, it had imposed an illegal sentence.  To remedy this situation, the court reconfigured the

3 sentence, by eschewing reliance on the § 220 as a strike, so that the underlying sentence for

4 assault on a peace officer was not doubled, but imposing a five year enhancement for the § 220

5 conviction as a serious felony.  Id. at 3-5.

6 　　　　Petitioner pursued a habeas petition in the Court of Appeal, which denied relief

7 after soliciting an informal response from the Attorney General's office.  Docs. 2-4.

8 　　　　Petitioner then filed a challenge in the California Supreme Court, this time

9 attaching documentary evidence about his 1992 Alameda County conviction.[3]  Doc. 5 (petition in

10 Supreme Court No. 118644).[4]  Exhibit B to the Supreme Court petition comprises several

11 documents.  The first is a minute order from Alameda County Superior Court, dated October 3,

12 2002, granting petitioner's motion to correct the abstract of judgment to show a conviction of

13 assault with intent to commit oral copulation for count nine; another is the complaint from the

14 Alameda County case, showing that count nine was a charge of assault with the intent to commit

15 oral copulation, while other counts charged petitioner with additional sex offenses, including

16 rape in concert, oral copulation in concert and oral copulation.  Doc. 5, Ex. B.

17 　　　　The Supreme Court denied the petition with citations to In re Clark, 5 Cal.4th 750

18 (1993) and In re Robbins, 18 Cal.4th 770, 780 (1998).  Doc. 6.

19 II.  Standards Under The AEDPA

20 　　　　An application for a writ of habeas corpus by a person in custody under a

21 judgment of a state court can be granted only for violations of the Constitution or laws of the

22

23 　　[3]  In this petition, he claims that he attached similar documents to the action filed in the
24 Court of Appeal, but no such documents are part of the appellate petition lodged with this court.
See Doc. 5 at 3; cf. Doc. 2.

25 　　[4]  Respondent has lodged an additional petition, California Supreme Court number
26 S121998, which challenged the plea in Alameda County, a subject not directly germane to the
instant action.  Doc. 7.

United States.  28 U.S.C. § 2254(a).  Federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").  See Ramirez v. Castro, 365 F.3d 755, 773-75 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); see also Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).[5]  Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d).  Lockyer, 538 U.S. at 71 (overruling Van Tran v. Lindsey, 212 F.3d 1143, 1154-55 (9th Cir. 2000) in which the Ninth Circuit required district courts to review state court decisions for error before determining whether relief is precluded by § 2254(d)).  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

/////

/////

---

[5]  In Bell v. Jarvis, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of Appeals held in a § 2254 action that "any independent opinions we offer on the merits of constitutional claims will have no determinative effect in the case before us . . .  At best, it is constitutional dicta."  However, to the extent Bell stands for the proposition that a § 2254 petitioner may obtain relief simply by showing that § 2254(d) does not preclude his claim, this court disagrees.  Title 28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation of the Constitution before he or she may obtain habeas relief.  See Lockyer, 538 U.S. at 70-71; Ramirez, 365 F.3d at 773-75.

1    The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are

2  different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to"
> clause if the state court applies a rule different from the governing
> law set forth in our cases, or if it decides a case differently than we
> have done on a set of materially indistinguishable facts.  The court
> may grant relief under the "unreasonable application" clause if the
> state court correctly identifies the governing legal principle from
> our decisions but unreasonably applies it to the facts of the
> particular case.  The focus of the latter inquiry is on whether the
> state court's application of clearly established federal law is
> objectively unreasonable, and we stressed in Williams [v. Taylor,
> 529 U.S. 362 (2000)] that an unreasonable application is different
> from an incorrect one.

10  Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the

11  law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply

12  fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8

13  (2002).

14    The court will look to the last reasoned state court decision in determining

15  whether the law applied to a particular claim by the state courts was contrary to the law set forth

16  in the cases of the United States Supreme Court or whether an unreasonable application of such

17  law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  Where the state court fails

18  to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional

19  or federal law, the Ninth Circuit has held that this court must perform an independent review of

20  the record to ascertain whether the state court decision was objectively unreasonable.  Himes v.

21  Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  In other words, the court assumes the state court

22  applied the correct law, and analyzes whether the decision of the state court was based on an

23  objectively unreasonable application of that law.

24    It is appropriate to look to lower federal court decisions to determine what law has

25  been "clearly established" by the Supreme Court and the reasonableness of a particular

26  application of that law.  See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999).

III.  Procedural Default

Respondent contends that both the Superior Court and the Supreme Court found the petitions untimely, creating a circumstance of procedural default barring this court from reaching the merits of petitioner's claims.

A federal court will not review a claim of federal constitutional error raised by a state habeas petitioner if the state court determination of the same issue "rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991).  This rule also applies when the state court's determination is based on the petitioner's failure to comply with procedural requirements, so long as the procedural rule is an adequate and independent basis for the denial of relief.  Id. at 730.  For the bar to be "adequate," it must be "clear, consistently applied, and well-established at the time of the [] purported default."  Fields v. Calderon, 125 F.3d 757, 762 (9th Cir. 1997).  For the bar to be "independent," it must not be "interwoven with the federal law."  Michigan v. Long, 463 U.S. 1032, 1040-41 (1983).  It is respondent's burden to demonstrate that the claimed procedural bar is both adequate and independent.  In Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003).

However, a district court may reach the merits of a habeas petitioner's claim where, as here, the merits are "easily resolvable against the petitioner whereas the procedural-bar issue involve[s] complicated issues of state law."  Lambrix v. Singletary, 520 U.S. 518, 525 (1997); see also Kuhali v. Reno, 266 F.3d 93, 101 (2d Cir. 2001) ("It is well-settled that the doctrine of procedural default is prudential rather than jurisdictional in nature.").  In this case, the court declines to consider the bar, because the case is more easily resolved on the merits.

IV.  Analysis

In Townsend v. Burke, 334 U.S. 736, 741 (1948) and United States v. Tucker, 404 U.S. 443, 447 (1972), the Supreme Court recognized that a sentence imposed on the basis of false or materially misleading information about a defendant's prior record violates due process.

1    In this case, petitioner's sentence was enhanced on the basis of a conviction that had been

2    incorrectly identified in the abstract of judgment.

3            In California, a prior conviction may be a "strike" within the meaning of

4    §§ 667(b)-(i) and 1170.12 if it is a serious or violent felony, as defined in §§ 667.5(c) and

5    1192.7(c).  See §§ 667(d)(1); 1170.12(b)(1).  The same serious felony conviction may serve as an

6    enhancement, when a new charge is also a serious felony.  § 667(a).  As the superior court

7    recognized, when petitioner entered his plea in 1995, assault with the intent to commit oral

8    copulation was not a serious felony, although assault with the intent to commit rape was a serious

9    felony.  See People v. Deporceri, 106 Cal.App.4th 60, 65 n.5 (2003) (listing serious felonies as of

10   June 30, 1993); § 1192.7(c)(1); Cal. Stats. 1998, ch. 936 § 13.5 (adding mayhem, sodomy and

11   oral copulation to subdivision (c)(10)).

12           As the superior court observed, oral copulation was a serious felony at the time

13   petitioner entered his plea and any attempt to commit a serious felony also was a serious felony.

14   Deporceri, 106 Cal.App.4th at 65 n.5 (in 1993, § 1192.7(c)(5) covered oral copulation by force,

15   while § 1192.7(c)(27) made any attempt to commit one of these offenses, except assault, a

16   serious felony as well).  The court reasoned that an assault with the intent to commit oral

17   copulation was a form of attempted oral copulation and thus could qualify as a strike or a serious

18   felony, reasoning that appears to be supported by California law.  See People v. Holt, 15 Cal.4th

19   619, 674 (1997).  Thus, had the superior court been presented with the amended abstract of

20   judgment correctly identifying the offense as assault with the intent to commit oral copulation, it

21   appears it would have interpreted California law to find that the offense was nevertheless a

22   serious felony and would have resentenced petitioner in the same way, an interpretation of state

23   law that would not present a federal constitutional claim.  Ultimately, then, the misleading

24   information was not material because it would not have changed the outcome of the resentencing.

25   There was no unreasonable application of federal law.

26   /////

1    In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's

2  application for writ of habeas corpus be denied.

3    These findings and recommendations are submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

5  days after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8  shall be served and filed within ten days after service of the objections.  The parties are advised

9  that failure to file objections within the specified time may waive the right to appeal the District

10 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11 DATED:  August 31, 2007.

12

13

14 _____

15 U.S. MAGISTRATE JUDGE

16

17 2
   harr1906.157

18

19

20

21

22

23

24

25

26