IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST S. HARRIS,

    Petitioner,                    No. CIV S-04-1906 FCD KJM P

    vs.

BILL LOCKYER,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for writ of habeas corpus. The court provides this procedural history as essential background to this order.

        In 1995, petitioner entered into a plea bargain to plead guilty to a number of offenses in exchange for a sentence of fifteen years. Pet., Ex. C. In 2003, he filed a habeas petition in Sacramento County Superior Court, raising a number of challenges to the plea and sentence. Although the court denied the petition, it determined that the sentence was illegal, vacated that sentence, and then reimposed the fifteen-year sentence based on different calculations. Id.

        Petitioner challenged this resentencing in habeas petitions filed in the Court of Appeal and the California Supreme Court. Lodg. Docs. 2-5. The Supreme Court denied the

petition on November 10, 2004, citing In re Clark, 5 Cal.4th 750 (1993) and In re Robbins, 18 Cal.4th 770, 780 (1998).

  Petitioner filed his federal habeas petition on August 30, 2004, and respondent filed his answer on March 25, 2005.  Docket Nos. 1, 19.

  On May 18, 2007, petitioner filed a new federal habeas action, which was assigned the number 07-0939 LKK KJM P.

  On September 4, 2007, the court recommended that the petition filed in this action be denied.  The district court adopted this recommendation on September 24, 2007, and denied a certificate of appealability on December 6, 2007.

  On October 9, 2007, this court recommended that the petition in Civ. No. S-07-0939 be dismissed as duplicative, a recommendation the district court adopted on April 7, 2008.

  On May 12, 2008, the Ninth Circuit issued Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008), which held that an inmate's new habeas petition, filed during the pendency of a previous habeas petition, should be treated as a motion to amend the first petition rather than as a second or successive petition.  It recognized the district court's discretion to decide whether to grant the motion to amend.  Id.

  On June 16, 2008, the district court issued a certificate of appealability in Civ. No. 07-0939.

  On July 16, 2009, the Ninth Circuit affirmed the dismissal in Civ. No. 04-1906.

  On April 19, 2010, the Ninth Circuit remanded Civ. No. 07-0939, ordering that it be treated as a motion to amend in Civ. No. 04-1906. On May 21, 2010, this court directed the petition filed in Civ. No. 07-0939 be filed in the instant case and treated as a motion to amend.

  Under Federal Rule of Civil Procedure 15(a)(2), a party needs leave of court or the consent of the opposing party to amend a pleading after a responsive document has been filed. In this case, respondent filed his answer long before petitioner filed his amended petition. Although leave of court should be given freely, a court may deny a motion to amend if the

2

1  motion is made in bad faith, there would be prejudice to the opposing party, the amendment
2  would be futile or would delay the action, or if the party acted in a dilatory fashion in seeking to
3  amend.  Foman v. Davis, 371 U.S. 178, 182 (1962);  Bonin v. Calderon, 59 F.3d 815, 845 (9th
4  Cir. 1995).  Bad faith may be shown when a party seeks to amend late in the litigation process
5  with claims that were or should have been apparent early on.  Bonin, 59 F.3d at 846.  These facts
6  might also support a finding that the party acted in a dilatory fashion when seeking to amend.
7  Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999).
8           In the proposed amended petition, petitioner raises two claims: the sentencing
9  judge imposed an illegal enhancement and his plea was not knowingly nor voluntarily made.
10 Petitioner was aware of the basis of these claims when he filed the petition in this case, yet
11 waited almost three years after the instant petition was filed in which to raise them.  He has been
12 too dilatory in seeking to amend the petition for his motion to be granted.
13           IT IS THEREFORE RECOMMENDED that the motion to amend the petition
14 (docket no. 53) be denied and the case be closed.
15           These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
17 one days after being served with these findings and recommendations, any party may file written
18 objections with the court and serve a copy on all parties.  Such a document should be captioned
19 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
20 shall be served and filed within fourteen days after service of the objections.  The parties are
21 advised that failure to file objections within the specified time may waive the right to appeal the
22 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
23 DATED:  June 22, 210.

25 2/ harr1906.amd

U.S. MAGISTRATE JUDGE