1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EARNEST S. HARRIS,

11          Petitioner,                    No. 2:04-cv-1906 GEB CKD P

12      vs.

13   BILL LOCKYER,

14          Respondent.          <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16          Petitioner is a state prisoner proceeding *pro se* and has filed a "motion to amend"

17   the judgment previously entered by the District Court.  For the following reasons, the "motion to

18   amend" should be denied.

19                        I.  PROCEDURAL HISTORY

20          Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 in

21   2004.[1]  On May 18, 2007, petitioner filed a new federal habeas petition which was assigned the

22   number 07-0939 LKK KJM P.  On September 4, 2007, the court recommended that the habeas

23   petition in this action be denied and the recommendation was adopted on September 24, 2007.

24   _____

25          [1]The case was originally filed in the Fresno division but was subsequently transferred to
     the Sacramento division.  Initially it was assigned case number 04-cv-1906 FCD KJM, but has
26   since been re-captioned as 04-cv-1906 GEB CKD.

1      On October 9, 2007, the court recommended that the petition in Civ. No. 07-0939

2  be dismissed as duplicative.  The district court adopted the recommendation on April 7, 2008.

3      On July 16, 2009, the United States Court of Appeals for the Ninth Circuit

4  affirmed the denial of the habeas petition in this action.

5      On April 19, 2010, the Ninth Circuit remanded the matter in Civ. No. 07-0939 in

6  light of Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008) so that the petition in that action

7  would be treated as a motion to amend in this action.

8      On May 21, 2010, this court directed that the petition filed in Civ. No. 07-0939 be

9  filed in the instant case as a motion to amend.

10      On June 23, 2010, the court recommended that the motion to amend be denied

11  and that the case be closed.

12      On September 2, 2010, the recommendation was adopted and the motion to

13  amend was denied.  A certificate of appealability was not issued.  Petitioner filed a notice of

14  appeal on the September 2, 2010 judgment.  On March 20, 2012 the Ninth Circuit denied

15  petitioner's request for a certificate of appealability on that appeal.

16                II.  PETITIONER'S MOTION TO AMEND

17      In April 2012, petitioner filed the instant motion before this court.  Petitioner

18  states as follows in his grounds for relief:

19      (a) The United States Eastern District Court violated petitioner's
       constitutional right to due process of law by using false
20      information to deny motion to amend petition.
       (b) The United States Eastern District Court abused its discretion
21      by not allowing petitioner's motion to amend to be answered on its
       merits.
22      (c) Under Federal Rules of Civil Procedure Rule 15 petitioner have
       a right to amend a petition on remand.

23

24  (Dkt. No. 64 at p. 2.)

25      Petitioner attacks the judgment entered by this court on September 2, 2010 which

26  denied his motion to amend the petition.  As the motion to amend was filed beyond the deadline

1    for filing a motion for reconsideration under Federal Rule of Civil Procedure 59(e), petitioner's

2    motion to amend is construed as a motion for relief from judgment under Federal Rule of Civil

3    Procedure 60(b).

### III.  ANALYSIS OF PETITIONER'S MOTION TO AMEND

5        Federal Rule of Civil Procedure 60(b) permits a district court to relieve a party

6    from a final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence, that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, release or discharged; it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

13   FED. R. CIV. P. 60(b).  A party needs to bring a motion for relief from judgment within one year

14   from the judgment under (1), (2) or (3).  See id. 60(c).  Thus, petitioner could only bring his

15   motion under rule 60(b)(4), (5) or (6).  Sections (4) and (5) are not applicable to petitioner's

16   motion.  Thus, petitioner's motion to amend is construed as a motion for relief from judgment

17   under Rule 60(b)(6).

18        The catch-all provision of Rule 60(b)(6) allows court to relieve a party from an

19   order for any reason that justifies relief.  The rule "is to be used sparingly as an equitable remedy

20   to prevent manifest injustice and is to be utilized only where extraordinary circumstances

21   prevented a party from taking timely action to prevent or correct an erroneous judgment."

22   Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).  Petitioner fails to make a showing of

23   extraordinary circumstances to warrant amending the judgment which denied his motion to

24   amend.  He complains that the District Court used false information in denying his motion to

25   amend the petition when it stated that respondent filed his answer on March 25, 2005.  A review

26   of the docket in this case indicates that respondent did in fact file his answer on March 25, 2005.

1   Furthermore, it is worth noting that the Ninth Circuit declined to issue a certificate of

2   appealability on the judgment which denied his motion to amend his habeas petition.  Thus, the

3   motion to amend (Dkt. No. 64) should be denied.

4                                    IV.  CONCLUSION

5               Accordingly, IT IS HEREBY RECOMMENDED that petitioner's "motion to

6   amend" (Dkt. No. 64) be DENIED.

7               These findings and recommendations are submitted to the United States District

8   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

9   one days after being served with these findings and recommendations, any party may file written

10  objections with the court and serve a copy on all parties.  Such a document should be captioned

11  "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

12  may address whether a certificate of appealability should issue in the event he files an appeal of

13  the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

14  court must issue or deny a certificate of appealability when it enters a final order adverse to the

15  applicant).  Any reply to the objections shall be served and filed within fourteen days after

16  service of the objections.  The parties are advised that failure to file objections within the

17  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

18  F.2d 1153 (9th Cir. 1991).

19   Dated: August 14, 2012

20                                                    _____

21                                                    CAROLYN K. DELANEY
                                                      UNITED STATES MAGISTRATE JUDGE
22

23

24

25
    7
26  harr1906.157

                                             4