IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST S. HARRIS,

    Petitioner,                   No. 2:04-cv-1906 GEB CKD P

    vs.

BILL LOCKYER,

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding *pro se* and has filed a "motion to amend" the judgment previously entered by the District Court. For the following reasons, the "motion to amend" should be denied.

I. PROCEDURAL HISTORY

        Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 in 2004.[1] On May 18, 2007, petitioner filed a new federal habeas petition which was assigned the number 07-0939 LKK KJM P. On September 4, 2007, the court recommended that the habeas petition in this action be denied and the recommendation was adopted on September 24, 2007.

---

[1] The case was originally filed in the Fresno division but was subsequently transferred to the Sacramento division. Initially it was assigned case number 04-cv-1906 FCD KJM, but has since been re-captioned as 04-cv-1906 GEB CKD.

1

1    On October 9, 2007, the court recommended that the petition in Civ. No. 07-0939
2 be dismissed as duplicative.  The district court adopted the recommendation on April 7, 2008.
3    On July 16, 2009, the United States Court of Appeals for the Ninth Circuit
4 affirmed the denial of the habeas petition in this action.
5    On April 19, 2010, the Ninth Circuit remanded the matter in Civ. No. 07-0939 in
6 light of Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008) so that the petition in that action
7 would be treated as a motion to amend in this action.
8    On May 21, 2010, this court directed that the petition filed in Civ. No. 07-0939 be
9 filed in the instant case as a motion to amend.
10    On June 23, 2010, the court recommended that the motion to amend be denied
11 and that the case be closed.
12    On September 2, 2010, the recommendation was adopted and the motion to
13 amend was denied.  A certificate of appealability was not issued.  Petitioner filed a notice of
14 appeal on the September 2, 2010 judgment.  On March 20, 2012 the Ninth Circuit denied
15 petitioner's request for a certificate of appealability on that appeal.

## II.  PETITIONER'S MOTION TO AMEND

In April 2012, petitioner filed the instant motion before this court.  Petitioner states as follows in his grounds for relief:

> (a) The United States Eastern District Court violated petitioner's constitutional right to due process of law by using false information to deny motion to amend petition.
> (b) The United States Eastern District Court abused its discretion by not allowing petitioner's motion to amend to be answered on its merits.
> (c) Under Federal Rules of Civil Procedure Rule 15 petitioner have a right to amend a petition on remand.

(Dkt. No. 64 at p. 2.)

Petitioner attacks the judgment entered by this court on September 2, 2010 which denied his motion to amend the petition.  As the motion to amend was filed beyond the deadline

2

for filing a motion for reconsideration under Federal Rule of Civil Procedure 59(e), petitioner's motion to amend is construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).

### III.  ANALYSIS OF PETITIONER'S MOTION TO AMEND

Federal Rule of Civil Procedure 60(b) permits a district court to relieve a party from a final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence, that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, release or discharged; it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).  A party needs to bring a motion for relief from judgment within one year from the judgment under (1), (2) or (3).  See id. 60(c).  Thus, petitioner could only bring his motion under rule 60(b)(4), (5) or (6).  Sections (4) and (5) are not applicable to petitioner's motion.  Thus, petitioner's motion to amend is construed as a motion for relief from judgment under Rule 60(b)(6).

The catch-all provision of Rule 60(b)(6) allows court to relieve a party from an order for any reason that justifies relief.  The rule "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).  Petitioner fails to make a showing of extraordinary circumstances to warrant amending the judgment which denied his motion to amend.  He complains that the District Court used false information in denying his motion to amend the petition when it stated that respondent filed his answer on March 25, 2005.  A review of the docket in this case indicates that respondent did in fact file his answer on March 25, 2005.

3

Furthermore, it is worth noting that the Ninth Circuit declined to issue a certificate of appealability on the judgment which denied his motion to amend his habeas petition. Thus, the motion to amend (Dkt. No. 64) should be denied.

## IV.  CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's "motion to amend" (Dkt. No. 64) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 14, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7
harr1906.157