UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS, | No. 2:04-cv-1906 GEB CKD P |
| Petitioner, | |
| v. | ORDER |
| BILL LOCKYER, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, sought habeas corpus relief pursuant to 42 U.S.C. § 2254. Final judgment was entered in respondent's favor and this case closed on September 24, 2007. Petitioner unsuccessfully appealed to the United States Court of Appeals for the Ninth Circuit. On April 19, 2012, petitioner filed a "motion to amend" in this court that was construed as a motion from relief from judgment under Federal Rule of Civil Procedure 60(b). On September 28, 2012, the district court affirmed the judgment. (See ECF No. 69; see also ECF No. 65 (procedural history).)

Petitioner has once again filed a "motion to amend" the petition, now before this court. (ECF No. 71.) Petitioner argues that, since Proposition 36 was enacted in November 2012, there have been changes to the Three Strikes Law under which he was sentenced, and that this

1

constitutes a "change in the controlling law" warranting reconsideration. See Sch. Dist. Number 1J, Multnomah County v. AcandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). However, changes to state law do not constitute changes in the "controlling law" under AEDPA. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Moreover, the district court has already affirmed the judgment in this action on a similar motion. Thus the instant motion will be denied as duplicative.

Insofar as petitioner seeks to re-challenge his 2003 sentence, he effectively seeks to file a successive petition. (See ECF No. 33.) Before filing a successive petition in district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Until this court is authorized by the United States Court of Appeal for the Ninth Circuit to consider a successive application for relief from petitioner's 2003 sentence, this court lacks jurisdiction to consider such an application.

Accordingly, IT IS HEREBY ORDERED THAT petitioner's October 28, 2013 motion to amend the petition and for relief from judgment (ECF No. 71) is denied as duplicative.

Dated: November 5, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / harri1906.ord

2